[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike plaintiff's claims under CUIPA and CUTPA on the grounds that (1) CUIPA does not provide for a private cause of action; (2) plaintiffs have not alleged legally sufficient facts to maintain a claim under CUIPA; or (3) plaintiffs have not alleged legally sufficient facts to maintain a claim under CUTPA.
On June 20, 1994, the plaintiff, David Edelman, filed a revised four count complaint against the defendant, Pacific CT Page 10714 Employers Insurance Company. The present action arises out of a personal injury action commenced by the plaintiff in the Judicial District of Litchfield, entitled David Edelman v. TheInn at Falls Village, Inc., Docket No. CV 90 0054214S, in which he alleged that he sustained injuries as the result of an assault upon him by Patrick Hibbits. In that case, the parties stipulated to a judgment in favor of the plaintiff, Edelman. In the present action, Edelman now claims to be subrogated to the rights of the Inn at Falls Village, Inc. [Inn] against their insurance company, the defendants in the present action, pursuant to General Statutes § 38a-321.
In its complaint, the plaintiff alleges that the defendant issued an insurance policy to "[t]he Inn, Janice France and Patrick Hibbits, D/B/A" under which the defendant had an obligation to insure, defend and indemnify the Inn and Patrick Hibbits in an action brought by the plaintiff. The plaintiff further alleges that the defendant, acting through its authorized agent, Cigna Property and Casualty Companies, did not fulfill its obligations under the insurance contract. Accordingly, the plaintiff, in count one, seeks damages from the defendant for breach of the insurance contract. In count two, the plaintiff seeks damages for the defendant's alleged bad faith in denying its duty to defend the personal injury action brought against Hibbits and the Inn. In count three, the plaintiff seeks damages for the defendants alleged violation of the Connecticut Unfair Insurance Practices Act [CUIPA], General Statutes § 38a-815 et seq. In count four, the plaintiff seeks damages for the defendant's alleged violation of the Connecticut Unfair Trade Practices Act [CUTPA], General Statutes § 42-110(a) et seq.
On July 9, 1994, the defendant filed a motion to strike counts three and four, accompanied by a supporting memorandum of law. On July 21, 1994, the plaintiff filed a memorandum of law in opposition to the motion to strike.
A motion to strike "challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike challenges the legal sufficiency of a complaint, or any of the counts thereof, to state a claim upon which relief can be granted. Practice Book § 152(1); see Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike admits all facts well-pleaded; and if the facts provable under CT Page 10715 its allegations would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., supra, 196 Conn. 108-09. In ruling on a motion to strike, the court is required to "take the facts to be those alleged in the complaint [and] `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) LiljedahlBros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
I. Count Three: CUIPA
In its supporting memorandum of law, the defendant argues that "the plaintiff has no private right of action under the Connecticut Unfair Insurance Practices Act." The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. See Lees v. MiddlesexIns. Co., 229 Conn. 842, 847 n. 4, ___ A.2d ___ (1994); see also Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11
(1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507,521 n. 12, 442 A.2d 920 (1982). Furthermore, the Connecticut Appellate Court has not specifically addressed this issue and a split of authority exists within the superior court as to this issue. Several superior court decisions have allowed a private cause of action under CUIPA. Covino v. Jacovino,8 CSCR 822 (July 20, 1993, Sullivan, J.); Sansone v. Esis, Inc.,8 CSCR 248 (January 4, 1993, Maiocco, J.); Schott v. GreatAmerican Ins. Co., 8 CSCR 988 (September 1, 1993, Hendel, J.);Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co.,2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.);Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (May 15, 1987, Satter, J.).
Other superior court cases, however, have declined to recognize a private cause of action under CUIPA. King v.Ehorn, 8 CSCR 1299 (November 17, 1993, Rush, J.); Warner v.Sanford Hall Agency, 8 Conn. L. Rptr. 333 (February 10, 1993, Wagner, J.); Berman v. Prudential Ins. Co., 8 CSCR 806 (July 15, 1993, Lewis, J.); Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (July 7, 1992, Lewis, J); Scheer v.Chubb Sons, Inc., 9 Conn. Law Trib. No. 17, 13 (Burns, J. 1982). The court chooses to follow the first line of cases which allow a private cause of action under CUIPA.
CUIPA provides that "[n]o person shall engage in any CT Page 10716 trade practice which is defined in section 38a-816 as, or determined pursuant to sections 38a-817 and 38a-818 to be, an unfair or deceptive act or practice in the business of insurance . . . ." General Statutes § 38a-816. In his complaint, the plaintiff alleges that the defendants "committed [unfair settlement practices] with such frequency as to indicate a general business practice of engaging in unfair settlement practices within the meaning of General Statutes § 38a-815." Subsection (6) of § 38a-816 governs allegations predicated on unfair settlement practices. It describes a number of actions, which, if done "with such frequency as to indicate a general business practice," constitute unfair settlement practices. One such act proscribed under § 38a-816(6) is "failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies. . . ." General Statutes § 38a-816(6)(b). A second insurance practice defined as unfair when committed with such frequency as to indicate a general business practice is "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." General Statutes § 38a-816(6)(f).
The Connecticut Supreme Court has decided that a CUIPA claim predicated on § 38a-816(6) requires proof that the unfair settlement practices were committed or performed "with such frequency as to indicate a general practice." Mead v.Burns, 199 Conn. 651, 509 A.2d 11 (1986). Furthermore, the Connecticut Supreme Court has held that proof of an insurer's commission of two or more unfair claim settlement practices in relation to one insurance claim is insufficient to satisfy the "general business practice" requirement of § 38a-816(6). Leesv. Middlesex Ins. Co., supra, 229 Conn. 848-49; see alsoQuimby v. Kimberly Clark Corporation, 28 Conn. App. 660,613 A.2d 838 (1992). The "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Lees v. MiddlesexIns. Co., supra, 229 Conn. 849. Accordingly, the court finds that because the plaintiff's complaint alleges unfair settlement practices in relation to only one insurance claim, the motion to strike is granted.
II. Count Four: CUTPA
CT Page 10717
In support of its motion to strike, the defendant argues that the CUTPA allegations should be stricken because "the allegations contained in the Fourth Count are based upon one particular instance of alleged misconduct which does not rise to the level of misconduct prohibited under the Act." In opposition to the motion to strike, the plaintiff asserts that the facts alleged in the complaint are sufficient to support a CUTPA cause of action.
A plaintiff may bring a private cause of action under CUTPA to enforce alleged violations of CUIPA. Mead v. Burns,199 Conn. 651, 663, 509 A.2d 11 (1986). In Mead, the court noted, however, that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that "[t]he definition of unacceptable insurer conduct in [§ 38a-816(6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." (Citation omitted.) Id., 666. Accordingly, the court held that the CUTPA claim based on § 38-816(6) required proof, as under CUIPA, that the unfair settlement practice had been committed by the defendant with such frequency as to indicate a general business practice. Id.; see also Lees v. Middlesex Insurance Co., supra, 229 Conn. 850-51. Having found that the plaintiff's claims in count three are insufficient to satisfy the CUIPA requirement that the defendant's alleged unfair claim settlement practices must constitute a "general business practice," the court also finds that the plaintiff's CUTPA claim is legally insufficient for that same reason and is, thus, stricken.
Mary R. Hennessey, Judge