[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM IN RE MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT, DATED OCTOBER 15, 1990 BY DEFENDANT — AETNA CASUALTY
Aetna Casualty and Surety Company moves to strike the five (5) counts of this complaint because "each. . .is legally insufficient or barred as a matter of law by the exclusivity provision of the Worker's Compensation Act, Conn. Gen. Stat. 31-284
(a) (revised to 1986)." Motion to Strike Plaintiff's Amended Complaint, dated April 14, 1990 at 1-2. This motion, as a pleading under our rules, fails to set forth "the reason or reasons for each such claimed insufficiency." Practice Book 154. Thus, in that respect, it is procedurally infirm. However, Aetna, in its brief argues only that count two, a CUIPA claim, and count three, a CUTPA claim are legally insufficient under our statutes. See Rowe v. Godon, 209 Conn. 273, 275 (1988), approving of this departure from the pleading mandate of 154.
The five count complaint is bottomed upon the allegations that Aetna, acting in bad faith, failed to pay workers' CT Page 4648 compensation claims, including those belonging to the plaintiff's decedent. In this context, any damages for the successful plaintiff would not be awarded "by the value of the compensation benefits withheld, but by the injury approximately caused by the insurer's intentional acts." Carpentino v. Transport Insurance Co., 609 F. Sup. 556, 559 (D.C.Conn. 1985). Our Workers' Compensation Act does not provide an adequate remedy for the type of conduct plaintiffs allege, thus these litigants need not, as claimed by Aetna, exhaust administrative remedies. Such remedies would be inadequate for the claims made in this complaint. See Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 520 (1982). Additionally, there are already numerous decisions of this bench holding that claims against an insurer for wrongful conduct occurring after the work-related injury may be brought, as in this complaint, outside the Workers' Compensation Act. Hickman v. U.S. Fire Ins. Co., 2 CSCR 1177 (October 20, 1987, Spada, J.); Mardon v. Aetna Casualty Surety Co., 2 CSCR 1175 (October 19, 1987, Satter, J.); Massa v. American Mutual Ins. Cos. of Boston,1 CSCR 469 (July 1, 1986, Byrne, J.); Skdrupski v. Commercial Union Ins. Co., 1 CSCR 360 (June 4, 1986, Meville, J.). — We think this five count complaint, construed as a whole, is legally sufficient to withstand Aetna's exclusivity attack.
Aetna, in its well written brief, also suggests that the CUIPA claim in count two and the CUTPA claim in count three are legally insufficient on their face. This attack is bottomed upon Aetna's argument that in each of these two counts the plaintiff has failed to plead that the carrier's allegedly wrongful conduct was a general business practice rather than a single, isolated incident, which would not be actionable under CUIPA and CUTPA. Mead v. Burns, 199 Conn. 651, 659-660, 662-666 (1986); Conn. Gen Stat. 38-61 (6). However, the language of the allegations used in counts two and three, read most favorably to the pleader, does not limit an application to an isolated incident of insurance carrier misconduct, as Aetna successfully argued in Mead v. Burns, Id. What evidence the plaintiff will introduce to prove particularly the allegations of paragraph 26 in count two and paragraph 28 in count three is left for another day. We are satisfied today that the architecture of those two counts is sufficiently broad to encompass a number of activities and claims not limited in time or to any particular insured. Given this reading of these two counts, we think the plaintiff has framed a complaint alleging something more than an isolated instance of an unfair insurance settlement practice and thus these two counts are, in our opinion, legally sufficient. Mead v. Burns, Id.
The motion to strike is denied.
WILLIAM PATRICK MURRAY A JUDGE OF THE SUPERIOR COURT CT Page 4649