[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff's complaint dated October 4, 1990 contains four counts. The first count alleges that plaintiff was injured on June 22, 1984 in the course of his employment and that defendant terminated his workers compensation benefits unreasonably and in bad faith. Plaintiff seeks both compensatory and punitive damages from defendant asserting that its actions were wilful, unreasonable, unexcusable.
The second count of the complaint describes the actions complained in the first count as a breach of the implied covenant of good faith and fair dealing in that defendant has wilfully refused to pay him benefits provided by law for compensable injuries arising out of an employment status.
The third count of plaintiff's complaint asserts that defendant's conduct violates the Connecticut Unfair Insurance Practices Act citing Connecticut General Statutes 38-61(6)(b); (c); (d); and (g) and (n) as the applicable law. These sections are now part of Chapter 704, Section 38a-816.
Plaintiff's fourth count asserts that defendant's action constitutes an unfair Trade Practice prohibited by C.G.S. 42-110(b) and that they were intentional, wilful, malicious and or reckless.
Defendant's Motion for Summary Judgment argues that CT Page 278 plaintiff's entire claim is barred by Section 31-284 of the General Statutes. C.G.S. 31-284 provides in part (a) "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . all rights and claims between employer and employee arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter." This chapter provides an exclusive remedy to employees except for the judicially created exception of an intentional tort by the employer committed against the employee. Jet v. Dunlop, 179 Conn. 215, 220 (1979).
The plain description of the act causing the injury recited in the complaint removes all doubt that intent was a factor in producing the injury; paragraph one of the complaint "[plaintiff] was injured on June 22, 1984 when hot oil was dripped into his left ear while he worked." Nowhere in the complaint is it asserted that the employer or fellow employees caused this to happen or intended it to happen in the sense that any actor desired to cause the consequence of his act. Mingachos v. CBS, Inc., 196 Conn. 91, 101 (1985). Accordingly the court finds as a matter of law that this injury does not qualify for the Jet v. Dunlop exception.
Unfortunately that does not end the matter. A series of Superior Court cases have held that the Workers Compensation Act does not bar an action against an insurer for wrongful conduct involving intentional acts occurring after the work-related injury. Massa v. American Mutual Ins., 12 CLT, p. 469 (1986) (Bryne, J.); Hickman v. U.S. Fire Ins., 13 CLT 49, p. 1177 Dec. 14, 1987, (Spada, J.); Maroon v. Aetna Casualty and Surety, 13 CLT, 49, p. 1175, Dec. 14, 1987 (Satter, J.). Carroll v. St. Mary's Hospital, 13 CLT, 43, 1040, 1041, 1042 Nov. 2, 1987 (McDonald, J.) extended this holding to an employer maintaining a self-insured program for workers compensation. These holdings suggest that issues of fact involving the plaintiff's first two counts remain unresolved. Accordingly the court must deny the motion for summary judgment with regard to counts one and two.
The defendant municipality is alleged in the fourth count to have violated the Connecticut Unfair Trade Practices Act (CUTPA) in its dealings with its employee plaintiff. Banerjee v. Roberts, 641 F. Sup. 1093, 1108 (D.C. Conn. 1986) is authority which persuades the court that the CUTPA Act does not embrace the actual employment of employees to engage in such trade or CT Page 279 commerce. Accordingly defendant's motion for summary judgment as to the fourth count is granted.
Defendant denies that it is subject to the Connecticut Unfair Insurance Practices Act, Section 38a-816 of the General Statutes. Whether or not defendant's operation of a self-insured program of workers compensation for the benefit of its employees is "in the business of insurance" would seem to be a mixed question of law and facts. This issue was not specifically addressed in Quimby v. Kimberly Clark, 28 Conn. App. 660, 669
(1992) wherein the Appellate Court citing Mead v. Burns, 199 Conn. 651,660 (1986) ruled that in order to allege properly a CUIPA violation, "the [proponent] must allege that the defendant engaged in the allegedly wrongful conduct with such frequency as to indicate a general business practice." C.G.S. 38a-816(c). Although plaintiff's complaint lacks these essential allegations, the court is not inclined to treat a motion for summary judgment as a motion to strike.
Accordingly the court denies defendant's motion for summary judgment as to the third count.