[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Defendant Maryland Casualty Company has moved to strike the complaint on the ground plaintiff Landel Brown has failed to state a claim upon which relief can be granted. The plaintiff seeks to recover damages for injuries allegedly sustained by reason the defendant's failing to pay benefits under the Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff asserts causes of action for bad faith; breach of contract; violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-816 et seq.; violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.; and a claim for punitive damages. The defendant contends, among other things, that the complaint is legally insufficient because the plaintiff failed to allege that he is entitled to receive benefits under the Workers' Compensation Act. The court agrees with the defendant and grants the motion to strike.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all well-pleaded facts; Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); which must be construed in the light most favorable to the pleader. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." WestportCT Page 5458Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496605 A.2d 862 (1992).
The plaintiff must allege an obligation of the part of the defendant to pay benefits. "Entitlement to workers' compensation benefits does not attach upon a mere request for payment." Mora v.Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 212,535 A.2d 390 (1988).
There are only three ways an employer's duty to pay compensation can arise: "first, by the employer's failure to contest liability within twenty days of receiving notice of the injury as required by General Statutes § 31-297(b) . . .; second, by the commissioner's approval of a written voluntary agreement entered into by the employer and employee pursuant to General Statutes § 31-296; and third, where the employer contests liability and the parties fail to reach an agreement, by the adjudication of the claim by the workers' compensation commissioner and the granting of an award to the employee." Id., at 212.
Claims for intentional tort, bad faith and breach of contract against an insurer have been allowed only where the claimant alleged that the insurer's obligation to pay benefits arose pursuant to either a decision by the commissioner; Rotz v.Middlesex Mutual, 13 Conn. L. Rptr. 324 (January 27, 1995, Hauser, J.); or a voluntary agreement between the parties. Carpentino v.Transport Insurance Co., 609 F. Sup. 556, 558 (D.Conn. 1985).
The plaintiff alleges, inter alia, that the plaintiff made demand for Workers' Compensation benefits, that the defendant failed to pay benefits, that the plaintiff was required to "undertake formal Workers' Compensation Hearings", and that "[t]he Workers' Compensation Commission has approved and accepted the plaintiff's claim." An obligation on the part of the defendant to pay benefits cannot reasonably be inferred or implied from the plaintiff's allegations that the commissioner "approved and accepted" the plaintiff's claim. The plaintiff has failed to allege an entitlement to benefits.
The motion to strike the complaint is granted.
THIM, JUDGE CT Page 5459