[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #116
On August 3, 1994, the plaintiff, Debra Emmett, filed a six count complaint in breach of contract, bad faith, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant, Greater New York Mutual Insurance Co. The plaintiff alleges in her complaint that she suffered injury in the course of her employment with Lord Chamberlain Skilled Nursing Authority, and that the defendant was the workers' compensation insurance carrier for her employer. The plaintiff further alleges that the defendant has unilaterally terminated her workers' compensation benefits without the approval of the workers' compensation commissioner causing the plaintiff injuries.
On November 8, 1995, the defendant filed a motion to dismiss the first, second and third counts of the plaintiff's complaint on the ground of lack of subject matter jurisdiction because the plaintiff has failed to exhaust her administrative remedies under the Workers' Compensation Act, General Statutes § 31-275 et. seq. The defendant filed a memorandum of law in opposition on December 22, 1995.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
The defendant argues that counts one through three of the plaintiff's complaint should be dismissed because the plaintiff has failed to exhaust her administrative remedies under the workers' compensation statutes, and that the allegations of the complaint are insufficient to avoid the exclusivity of the Workers' Compensation Act. The plaintiff contends that the CT Page 5118-O Workers' Compensation Act does not grant the workers' compensation commission exclusive jurisdiction over acts of insurer misconduct.
"While it is true that the failure to exhaust administrative remedies affects the court's subject matter jurisdiction [t]he administrative remedies pursuant to General Statutes § 31-284
do not allow a workers' compensation commissioner to adjudicate the plaintiff's claims against the insurer for tortious conduct or breach of contract." Us v. ITT Hartford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318814 (June 14, 1995, Maiocco, J., 14 Conn.L.Rptr. 333). "In Connecticut, various courts have held that the exclusivity clause does not bar a cause of action where it is alleged that a workers' compensation insurer committed an intentional tort or intentionally acted in bad faith with respect to the handling or payment of a plaintiff's claim." Rotz v. Middlesex MutualAssurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J.,13 Conn.L.Rptr. 324). Moreover, "nothing in the language of §§31-288(b) and 31-300[1] expressly prohibits a plaintiff from asserting an intentional tort claim against an insurer. It is not clear whether the legislature, in enacting these statutes, anticipated that insurers would occasionally engage in intentional misconduct, and that such misconduct might proximately cause a plaintiff to suffer consequential damages over and above the value of the benefits that were wrongfully delayed or withheld. This may, however, be inferred from the fact that these statutes do not give the commissioner the power to hear intentional tort claims and do not provide for administrative penalties or remedies besides the possibility of a $500.00 fine, an award of attorney's fees, or an award of interest at the statutory rate." Id. See also Tingley v.Wallingford, Superior Court, judicial district of New Haven at Meriden, Docket No. 236904 (January 11, 1994, Dorsey, J.,9 CSCR 132); Bariko v. Travelers Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652 (February 1, 1993, Ballen, J., 8 CSCR 209); Sansone v. Esis, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 327409 (January 4, 1993, Maiccco, J., 8 CSCR 248); Martin v. NewEngland Masonry, Superior Court judicial district of Waterbury, Docket No. 092336 (May 6, 1991, Murray, J., 6 CSCR 544).
The plaintiff has alleged, in counts one and two, that the defendant has unilaterally terminated workers' compensation CT Page 5118-P benefits in breach of contract and in bad faith. Therefore, counts one and two are not barred by the Workers' Compensation Act. In count three, however, the plaintiff has alleged negligent infliction of emotional distress, and "if the plaintiff is required to prove that the defendant was negligent, she will not be proving the requisite intentional misconduct on the part of the defendant that would place her claim outside the purview of the Workers' Compensation Act." Bariko v. Travelers InsuranceCo., supra. Therefore, the court is without subject matter jurisdiction over the plaintiff's claim of negligent infliction of emotional distress. Accordingly, the defendant's motion to dismiss is denied as to counts one and two, and granted as to count three.
LAWRENCE L. HAUSER, JUDGE