[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #102
On January 30, 1998, the plaintiff, Garrett Moran ("the plaintiff"), filed this action against the defendant, Travelers Property Casualty ("the defendant"), the workers' compensation carrier for the former employer of the plaintiff. In the complaint, the plaintiff alleges that he has been injured as a result of the intentional acts of the defendant in intentionally delaying or withholding benefits that are due the plaintiff under the Workers' Compensation Act. The plaintiff's complaint lists seven counts alleging, respectively: 1) bad faith handling of the plaintiffs workers' compensation claim; 2) violation of the Connecticut Unfair Trade Practices Act; 3) violation of the Connecticut Unfair Insurance Practices Act; 4) intentional breach of contract; 5) intentional misrepresentation; 6) violation of public policy; and 7) conversion.
On March 9, 1998, the defendant filed a motion to strike the complaint in its entirety. On May 13, 1998, the plaintiff filed an objection to the motion to strike to which the defendant responded on June 24, 1998. The plaintiff filed a supplemental objection to the motion to strike on July 8, 1998. Argument was heard at short calendar on August 18, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 12794 the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
The defendant moves to strike the complaint on the ground that the complaint fails to state a claim upon which relief may be granted. Specifically, the defendant argues that the exclusivity provision of the workers' compensation act, General Statutes § 31-284, prohibits the plaintiff from bringing forth any other causes of action. In the alternative, the defendant argues that if the exclusivity provision does not apply, then, nonetheless, the plaintiff must exhaust all administrative remedies prior to bringing a separate action.
The plaintiff objects and argues that the alleged actions fall outside the exclusivity provision of workers' compensation. Furthermore, the plaintiff argues that the workers' compensation act does not provide for the relief or compensation the plaintiff is allegedly entitled to as a result of the defendant's intentional conduct and bad faith.[1]
There is currently a split of authority among the superior courts as to whether a beneficiary of a workers' compensation award can sue an insurance carrier for bad faith handling of the worker's claims. One line of reasoning holds that the exclusivity principle of workers' compensation does not apply because the alleged intentional bad faith handling of a workers' compensation claim by an insurance company does not arise during the course of employment, but rather occurs after the injury for which the worker is being compensated. See Hornyak v. Northbrook Property, Superior Court, judicial district of Waterbury, Docket No. 133334 19 CONN. L. RPTR. 655 (June 30, 1997, Gill, J.); Rotz v. MiddlesexMutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488, 13 CONN. L. RPTR. 324
(January 27, 1995) (Hauser, J.); Sansone v. Esis, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 327409 8 CONN. L. RPTR. 171 (January 4, 1993) (Maiocco, J.). This line of cases also generally holds that since the remedies provided for by workers' compensation do not provide redress for consequential damages suffered as a result of an insurer's bad faith handling of a workers' compensation award, further administrative remedies would be inadequate and exhaustion futile. See Rotz v. Middlesex Mutual Assurance Co., CT Page 12795supra, Superior Court, Docket No. 307488 13 CONN. L. RPTR. 324
("the applicable provisions of the [Workers' Compensation Act] were not designed to compensate a claimant for consequential damages allegedly caused by an insurer's intentional misconduct. . .").
One of the most recent cases to address the applicability of the workers'compensation act to alleged bad faith of the insurer, however, rejects the approach discussed above. In Brosnan v.Sacred Heart University, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 33354420 CONN. L. RPTR. 509 (October 21, 1997) (Levin, J.), the court found that the workers' compensation act, taken as a whole, does provide the claimant with exclusive remedies for any injuries allegedly suffered due to the bad faith handling of benefits. Specifically, the court in Brosnan found applicable the rule that "where the liability and the remedy are created by statute, especially within a comprehensive statutory scheme, the remedy provided is exclusive of all others." Id. The court noted that the workers' compensation act addressed instances where the insurer has intentionally or negligently delayed payment or adjustment of a claim by providing a mechanism for the recovery of attorneys' fees, the "principal component of punitive damages," a civil penalty and interest. Id. See General Statutes §§ 31-288 (civil penalty), 31-300
(interest, attorneys' fees), 31-303 (penalty).
The court will follow the former line of cases and allow the plaintiff to maintain causes of action in instances where the insurer's handling of the workers' compensation claim is alleged to be made in bad faith. As the majority of the superior courts in the state have held, allegations of bad faith on the part of the insurer in handling claims are not governed by the provisions of the workers' compensation act. Even though the workers' compensation act makes reference to instances of "undue delay" of payment, the workers' compensation act does not adequately address instances where the insurer or employer deliberately and intentionally acts in bad faith in failing to compensate the injured employee. See Stabile v. Southern Connecticut HealthSystems, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (February 7, 1996) (Thim, J.), and cases cited therein.
As alleged in the present case, the injury suffered by the plaintiff does not arise from the course of employment, but is an additional injury occurring as a result of independent actions of the insurer that are separate from the original claim. Moreover, CT Page 12796 remedies supposedly provided for in the workers' compensation act are inadequate in addressing the type of injury, and consequential damages, suffered by the plaintiff. But see Brosnanv. Sacred Heart University, supra, Superior Court, Docket No. 333544 20 CONN. L. RPTR. 509 (noting that a recent award of $25,000 in attorneys fee is adequate). The defendant's grounds for striking the plaintiff's complaint in its entirety are inadequate and thus the motion to is denied.
STODOLINK, J.