[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF COURT'S DECISION ON DEFENDANTS' MOTION TO STRIKE
Plaintiffs Michael Schott and Kathleen Schott have brought a nine count complaint against defendants Great American Insurance Company ("Great American") and Michael Waitte, Jon Waitte, Edward S. Waitte and Waitte's Insurance Agency, Inc. (collectively "Waittes"). The plaintiffs allege that the Waittes sold an insurance policy issued by Great American to plaintiff Kathleen Schott and later advised her not to choose optional coverage that would allow her to stack her uninsured/underinsured motorist coverage without fully explaining to her the option which she was choosing. The plaintiffs further allege that subsequently plaintiff Michael Schott sustained injuries as a result of an automobile accident with a third party whose motor vehicle insurance policy was exhausted and inadequate to fully compensate him CT Page 7959 for his injuries and Great American is responsible for such injuries under its insurance policy. The plaintiffs further allege that they made demand on Great American for stacked coverage and Great American refused to stack uninsured/underinsured motorist coverage on its policy.
In count seven, the plaintiffs allege that the defendants' actions violated the Connecticut Unfair Insurance Practices Act ("CUIPA"). In count eight, the plaintiffs allege that the defendants' actions violated the Connecticut Unfair Trade Practices Act ("CUTPA").
The Waittes moved to strike counts seven, eight and nine of the plaintiffs' complaint. Great American moved to strike counts seven and eight. On July 6, 1993, the court, Hendel, J., granted the Waittes' motion to strike count nine and denied both defendants' motions "to strike counts seven and eight. The defendants have filed motions for articulation requesting the court to articulate its decision denying their motions to strike counts seven and eight.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36 (1987). The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and, if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
I. Private Causes of Action under CUIPA
The Connecticut Supreme Court has elected to reserve decision on whether CUIPA authorizes a private cause of action. See, Mead v. Burns, 199 Conn. 651, 657 n. 5 (1986). The lower courts have split as to whether a private cause of action may be based directly on a violation of CUIPA. Several cases hold that a private cause of action is CT Page 7960 maintainable under CUIPA. See, e.g. Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co.,2 Conn. L. Rptr. 520
(October 2, 1990, Hammer, J.); Thompson v. Aetna Casualty Co., 2 CSCR 648 (May 15, 1987, Satter, J.).
These cases represent the better reasoned view of the law and, therefore, the plaintiffs may maintain a private cause of action under CUIPA.
II. Sufficiency of Allegations in Support of CUIPA Count
The plaintiffs argue that count seven is based on a violation of CUIPA, General Statutes 38a-816, which states, in pertinent part:
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
 (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentations, omission comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy;. . .
Specifically, the plaintiffs argue that they alleged that the defendants misrepresented the advantages and benefits of stacking.
If the CUIPA action is based on a violation of General Statutes 38a-816(1), the plaintiff need not allege more than a single act. Bronson Townsend Co. v. Cornaglia,1 CSCR 814 (September 30, 1986, Reynolds, J.).
Therefore, the plaintiffs' allegations of misrepresentation are sufficient to support a cause of action based on CUIPA as set forth in count seven and the motion to strike count seven must be denied on this ground. CT Page 7961
III. Sufficiency of CUIPA Count
A plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA. Lees v. Middlesex Ins. Co., 219 Conn. 644, 654 (1991). Further, a single act can support a cause of action for a violation of CUTPA. Jamison v. Artinian, 4 CSCR 387 (March 28, 1989, Hendel, J.)
The plaintiffs' eighth count, which asserts a cause of action under CUTPA for a single act violation of CUIPA, is legally sufficient and the motion to strike count eight must be denied on this ground.
IV. Conclusion
For the reasons stated above, the court denied the defendants' motions to strike counts seven and eight.
Hendel, J.