[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The Second Amended Complaint filed by the plaintiffs alleges that they maintained a flood insurance policy on their property obtained through the defendant Milford Insurance Agency, Inc. acting through its President and authorized agent the defendant Robert Ehorn ("the defendants"). The plaintiffs have alleged that they contacted the defendants about the possibility of receiving, in addition to their existing coverage, contents coverage for the ground level of their home. Based upon the representation of the defendants, the plaintiffs revised their flood insurance policy so as to include the contents coverage for the first floor and paid an increased annual premium to maintain such coverage. The plaintiffs allege that the defendants represented to them that the contents coverage would include the items on the ground level and further represented to them that they had contacted Federal Emergency Management Agency ("FEMA") and confirmed that the contents coverage CT Page 9290 would be in effect for the ground level. A flood occurred causing damage to the contents located on the ground level and FEMA denied coverage on the claim because of certain exclusions which the defendants had represented were not applicable to the plaintiffs.
The First, Second, Third and Fourth Counts assert liability upon theories of misrepresentation, breach of contract, fraudulent misrepresentation and negligent misrepresentation. The Fifth Count of the complaint alleges that the defendants actions constituted misrepresentations and false advertising of insurance policies in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes 38a-816 (1) and 38a-816 (6)(a). The Sixth Count of the complaint alleges that the conduct of the defendants constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") General Statutes 42-110a et seq.
The defendants have moved to strike the Fifth Count of the complaint on the grounds that there is no private right of action under CUIPA and on the ground that the plaintiffs have failed to allege the existence of a general business practice on the part of the defendants. The defendants have also moved to strike the Sixth Count of the complaint on the grounds that the failure to allege a proper cause of action under CUIPA prevents an assertion of a CUTPA claim. The Motion to Strike is addressed to the original complaint filed by the plaintiffs. However, the parties have treated the Motion to Strike as applying to the Second Amended Complaint and, accordingly, the court will view the Motion to Strike as applying to the Second Amended Complaint without the necessity of refiling the pending papers as to make clear that the Motion to Strike applies to the Second Amended Complaint.
CUIPA, General Statutes 38a-815 through section 38a-831
defines unfair practices in the business of insurance and provides for hearings and subpoenas to be conducted by the Commissioner of Insurance. The Fifth Count of the Second Amended Complaint purports to set forth a private cause of action for a violation of CUIPA.
Our Supreme Court has noted that an issue exists as to whether CUIPA permits a private right of action but has not found it necessary to decide that issue. Mead v. Burns, 199 Conn. 651, 657, n. 5 (1986); Griswold v. Union Harbor Life Insurance Co., 186 Conn. 507,521, n. 12 (1982). The plaintiff has cited various cases from the Superior Court indicating that such a private right of action does exist. See Schott v. Great American Insurance Co., 8 CSCR 988
(October 4, 1993) (Hendel, J.); Covino v. Jacovino, 8 CSCR 822
CT Page 9291 (August 16, 1993) (Sullivan, J.); Sambuca v. Aetna Casualty 
Surety Co., 4 Conn. L. Rptr. 74 (May 14, 1991) (Karazin, J.); Cecere v. EBA Indemnity Co., 2 Conn. L. Rptr. 520 (October 2, 1990) (Hammer, J.); Thompson v. Aetna Casualty Co., 2 CSCR 648 (May 15, 1987) (Satter, J.). However, CUIPA authorizes the imposition of criminal penalties for the commission of the conduct which it proscribes and ambiguities in penal statutes require a construction limiting rather than expanding civil liability. Mead v. Burns, supra at 658. Accordingly, the defendant has cited cases indicating that a private right of action under CUIPA does not exist. See, Warner v. Sanford Hall Agency, 1993 CT Case Base, 1508 (February 9, 1993) (Wagner, J.); Lees v. Middlesex Insurance Co., 7 Conn. L. Rptr. No. 11, 297 (October 9, 1992) (Lewis, J.); Langlais v. Guardian Life Insurance Co., 1992 CT Case Base, 6470 (July 7, 1992) (Lewis, J.); Scheer v. Chubb Son, Inc., 9 Conn. L. Trib. No. 17, pp. 13 (Burns, J., D. Conn. 1982). Clearly, CUIPA does not expressly provide for a private cause of action in contrast to CUTPA, and the court cannot find in the language of the statute any implication that a private cause of action exists. Accordingly, the court holds that a private cause of action does not exist under CUIPA and the Motion to Strike the Fifth Count of the complaint is hereby granted.
The Sixth Count of the complaint purports to allege a cause of action under CUTPA based upon a claim that the defendants have violated provisions of CUIPA particularly General Statutes 38a-116 (1) regarding misrepresentations and false advertising of insurance policies and General Statutes 38a-816 (6) regarding unfair claim settlement practices performed with such frequency as to indicate a general business practice. The plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA. Lees v. Middlesex Insurance Co., 219 Conn. 644, 654 (1991); Mead v. Burns, supra. Insofar as the allegations of the Sixth Count are based upon claims of unfair settlement practices, the plaintiffs must contend with the language of General Statutes 38a-816 (6) which requires that such acts be performed "with such frequency as to indicate a general business practice." The plaintiffs have not alleged that the conductor the defendants were performed with such frequency and, therefore, such allegations standing alone, would not be sufficient to withstand a Motion to Strike. See, Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 672 (1992); Marandino v. United States Fidelity Guaranty Co., (J.D. at Stamford) (August 12, 1993, Rush, J.). However, the Sixth Count also asserts claims based upon General Statute 38a-816 (1) dealing with misrepresentations and false advertising of insurance policies and CT Page 9292 that subsection does not require allegations with respect to a general business practice. Thus, insofar as the plaintiff's CUTPA claim is based upon a violation of CUIPA as expressed in General Statutes 38a-816 (1) the plaintiffs need not allege more than a single act nor need they allege a general business practice. See, Schott v. Great American Insurance Company, supra. Accordingly, the Motion to Strike the Sixth Count of the Second Amended Complaint is denied.