[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike plaintiff's claims of breach of contract, bad faith, CUIPA and CUTPA, for failure to state a claim upon which relief may be granted;
The plaintiff in the present case, Nora B. Polchlopek, filed an eight count amended complaint against the defendant, Aetna Life Insurance Company, on November 2, 1993. This action arises out of a dispute over the benefits under a life insurance contract between the defendant and the plaintiff's now deceased husband [decedent]. The plaintiff is the beneficiary of this contract.
The plaintiff alleges the following facts in her amended complaint. At all relevant times the defendant was the underwriter and administrator of the State of Connecticut Employee Group Life Insurance Plan [plan]. The decedent became an employee of the state on December 29, 1967, and by virtue of his employment was covered under the plan. The plan "included a provision under which an employee, after retiring, could elect to continue life insurance at the amount existing at the time of retirement." (Amended Complaint, paragraph 3.)
On June 1, 1991, the decedent applied for retirement benefits. As of this date, the decedent had life insurance through the plan in the amount of $69,000. On August 1, 1991, the decedent was approved for disability retirement by the state based on a diagnosis that he suffered from lung cancer. On August 27, 1991, a letter was sent to the decedent's home by a representative of the defendant informing the decedent of a reduction in his life insurance benefits. The letter also stated that the defendant's representative would "contact [the decedent] again shortly to service his needs, and to advise the plaintiff's decedent of the option of supplementing the reduced insurance amount." (Amended Complaint, paragraph 8.) The decedent was unable to read or CT Page 5933 comprehend the words or content of the letter, and thus the notice was ineffective and deprived the decedent of the ability to exercise the option within 31 days thereafter.
The decedent died on October 14, 1991. On November 12, 1991, the plaintiff, as the beneficiary under the policy, allegedly received a check in the amount of $24,697.05, a reduction of $44,302.95 from the amount available under the pre-retirement plan. Based upon these allegations, the plaintiff, individually and as executrix of the decedent's estate, asserts breach of contract; bad faith; violations of General Statutes § 38a-815 et seq., the Connecticut Unfair Insurance Practices Act [CUIPA]; and violations of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act [CUTPA].
On November 29, 1993, the defendant filed a motion to strike each count of the amended complaint, accompanied by a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the defendant's motion to strike on January 24, 1994. On March 14, 1994, the defendant filed a reply memorandum.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged. Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied.
(Citations omitted; emphasis added; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). "A motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "This CT Page 5934 includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Associates, 221 Conn. 490,495, 605 A.2d 862 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc.v. BOC Group, Inc., supra, 215.
Plaintiff's Breach of Contract and Bad Faith Claims
The defendant argues that plaintiff's claims of breach of contract should be stricken due to the plaintiff's failure to allege that the insurance contract required the defendant to provide the decedent with notice of the conversion privileges. The defendant asserts that the complaint must identify, with reference to the insurance contract, the obligations of the defendant that were allegedly breached. Additionally, the defendant claims that the breach of contract claims are legally insufficient because they fail to allege that the plaintiff or the decedent satisfied all conditions precedent to payment on the insurance contract.
In the defendant's reply memorandum, the defendant asserts that group life insurance benefits for employees of the state of Connecticut are governed by General Statutes § 5-257. The defendant states that § 5-257 "provides that such cessation of life insurance is subject to any conversion privilege contained in the policy." (Defendant's Reply Memorandum, p. 3.) The defendant contends that there exists no duty in Connecticut, statutory or otherwise, to provide notice with respect to the conversion privilege.
The defendant argues that plaintiff's claims of bad faith must be stricken due to the plaintiff's failure to allege that the defendant was obligated to provide such notice, as well as her failure to include sufficient factual allegations of bad faith. Specifically, the defendant contends that the complaint fails to include factual allegations that give rise to an inference that the defendant had the intent to injure, mislead or deceive the decedent, or that the defendant intended the resulting harm. CT Page 5935
The plaintiff, in opposition to the motion to strike, claims that the allegations contained in the breach of contract counts, and the facts necessarily implied therefrom, sufficiently establish that the defendant had an obligation to notify the decedent of changes in coverage and opportunities to continue coverage. With regard to the claims of bad faith, the plaintiff responds to defendant's motion to strike by asserting that the allegations, if proven, satisfy the definitions of both good and bad faith. The plaintiff contends that the amended complaint speaks to the defendant's failure to meet a duty or contractual obligation which was not based on an honest misunderstanding.
The plaintiff's claims of breach of contract (counts one and five) and bad faith (counts two and six) are based upon the theory that the defendant was obligated to provide the decedent with notice of the conversion privileges. The legal grounds for the defendant's motion to strike the breach of contract and bad faith counts are dependent upon underlying facts not alleged in the plaintiff's pleadings, namely an examination of the letters sent to the decedent and the insurance contract between the defendant and the decedent. See Liljedahl Bros., Inc. v. Grigsby, supra. While the plaintiff has pleaded the existence of the contract, the complaint does not identify any specific contractual provisions, let alone the contract itself. The defendant must await the evidence which may be adduced at trial. Accordingly, the motion to strike is denied as to the breach of contract and bad faith claims. See Liljedahl Bros., Inc.v. Grigsby, supra.
Plaintiff's CUIPA and CUTPA Claims
The defendant asserts that the plaintiff's CUIPA claims are legally insufficient under General Statutes § 38a-816 (1). Specifically, the defendant cites plaintiff's failure to allege facts to prove an "estimate, illustration, circular or statement, sales presentation, omission or comparison" which constitute a CUIPA violation. See General Statutes § 38a-816(1). The defendant further contends that the plaintiff's failure to include allegations regarding the intent of the defendant to injure requires the court to strike these counts. The defendant argues that the complaint does not allege that a statement was made "before the public," as required by General Statutes § 38-816 (2). CT Page 5936
The defendant additionally argues that the court should strike plaintiff's CUIPA claims on the ground that CUIPA does not afford a private cause of action. While noting the split of authority among superior court decisions on this issue, the defendant states that CUIPA, unlike CUTPA, is a penal statute that should be more narrowly construed to prohibit a private cause of action.
Finally, the defendant asserts that the CUTPA counts should be stricken under the rule of law that in order to state a valid cause of action against an insurer under CUTPA, the plaintiff must allege sufficient facts that would otherwise state a claim under CUIPA.
In opposition, the plaintiff argues that a private right of action exists under CUIPA, and that the allegations of the complaint are sufficient to support plaintiff's CUTPA claims.
The question of whether a private cause of action can be based directly on an alleged violation of CUIPA has not been specifically addressed by the Connecticut Appellate or Supreme Court. Warner v. Sanford Hall Agency], 8 CSCR 271 (February 9, 1993, Wagner, J.); see Mead v. Burns, 199 Conn. 651,657 n. 5, 509 A.2d 11 (1986). The lower court decisions are split as to whether a private cause of action may be based directly on a violation of CUIPA. Several superior court decisions allow a private cause of action under CUIPA. Sansone v. Esis, Inc.,8 CSCR 248 (January 4, 1993, Maiocco, J.); Schott v. GreatAmerican Ins. Co., 8 CSCR 988 (September 1, 1993, Hendel, J.);Sambuco v. Aetna Casualty Surety Co.,4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co.,2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.);Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (May 15, 1987, Satter, J.).
Other superior court cases, however, have declined to recognize a private cause of action under CUIPA. Warner v.Sanford Hall Agency, 8 Conn. L. Rptr. 333 (February 10, 1993, Wagner, J.); Berman v. Prudential Ins. Co., 8 CSCR 806
(July 15, 1993, Lewis, J.); Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (July 7, 1992, Lewis, J.); Lees v.Middlesex Ins. Co., 7 Conn. L. Rptr. 297 (1992, Lewis, J.);Scheer v. Chubb Sons, Inc., 9 Conn. Law Trib. No. 17, 13 (Burns, J., D.Conn. 1982). The court follows the line of CT Page 5937 cases that allow a private cause of action under CUIPA. CUIPA provides that "[n]o person shall engage in any trade practice which is defined in section 38a-816 as, or determined pursuant to section 38a-817 and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . ." General Statutes § 38a-815. General Statutes § 38a-816 sets forth a series of definitions of "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance," each of which constitutes a violation of CUIPA. Subsection one of § 38a-816 defines a CUIPA violation for misrepresentations and false advertising of insurance policies as follows:
 Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy; . . . (f) is a misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy;. . . .
General Statutes § 38a-816 (1). "If the CUIPA action is based on a violation of General Statutes § 38a-816 (1), the plaintiff need not allege more than a single act." Schott v. GreatAmerican Ins. Co., supra. The facts alleged, construed most favorably to the plaintiff, are sufficient to set forth a CUIPA cause of action pursuant to § 38a-816(1). Accordingly, the motion to strike the CUIPA claims (counts three and seven) is denied.
A plaintiff may bring a private cause of action under CUTPA to enforce alleged violations of CUIPA. Lees v.Middlesex Ins. Co., 219 Conn. 644, 654, 594 A.2d 952 (1991);Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11
(1986). A plaintiff may not bring a cause of action under CUTPA which does not violate CUIPA, where the alleged misconduct is related to the insurance company. Mead v. Burns, supra, 666. The court denies the motion to strike the CUTPA claims (counts four and eight). CT Page 5938