[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has moved to strike Counts 3 and 4 of the defendant/third party plaintiff Lewis Services, Inc.'s amended third party complaint. The third count alleges a claim under the Connecticut Unfair Insurance Practices Act (CUIPA), and the fourth count alleges a claim under the Connecticut Unfair Trade Practices Act (CUTPA).
As to the third count, there is a split of authority among Superior Courts considering the issue of whether a private cause of action exists under CUIPA. Neither the Connecticut Appellate Court nor the Connecticut Supreme Court has directly addressed this issue. Upon review of the various Superior Court decisions allowing a private cause of action under CUIPA (see, e.g., Polchlopek v. Aetna Life Ins. Co., No. CV 93 0530360, 1994 Ct CaseBase 5941 (June 3, 1994, Hennessy, J.); Edelman v. PacificEmployers Ins. Co., CV 93 0533463), 9 CSCR 1175 (October 20, 1994, Hennessey, J.); Covino v. Jacovino, 8 CSCR 822 (July 20, 1993, Sullivan, J.); Sansone v. Esis, Inc., 8 CSCR 248 (January 4, 1993, Maiocco, J.); Schott v. Great American Ins. Co.,8 CSCR 988 (September 1, 1993, Hendel, J.); Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr., 74, 75 (May 14, 1991, Karazin, J.);Cecere v. EBI Indemnity Co., 2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.); Thompson v. Aetna Life Casualty Co.,2 CSCR 648, 649 (May 15, 1987, Satter, J.) and those which hold that there is no private cause of action under CUIPA (see, e.g., Kingv. Ehorn, 8 CSCR 1299 (November 17, 1993, Rush, J.); Warner v.Sanford Hall Agency, 8 Conn. L. Rptr. 333 (February 10, 1993, Wagner, J.); Berman v. Prudential Ins. Co., 8 CSCR 806 (July 15, 1993, Lewis, J.); Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (July 7, 1992, Lewis, J.); Scheer v. Chubb Sons,Inc., 9 Conn. Law Trib. No. 17, 13 (Burns, J., 1982), this court concludes that the latter cases have the better of the argument. In contrast to CUTPA, CUIPA does not expressly grant such a right. CUIPA is essentially a regulatory statute granting certain powers to the insurance commissioner. A person who feels that he or she has been harmed by a CUIPA violation is not without remedy, but that remedy needs to be pursued as a CUTPA violation.
Count 4 alleges such a CUTPA violation, but the allegations are insufficient to state a claim upon which relief can be granted. The alleged untrue, deceptive or misleading statements are acts which allegedly violate CUIPA relate to the defendant/third party plaintiff only, and not to the general CT Page 3139 public. Moreover, the defendant/third party plaintiff has failed to allege that the insurer "engaged in the allegedly wrongful conduct `with such frequency as to indicate a general business practice.'" Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,669 (1992); see, Mead v. Burns, 199 Conn. 651, 659 (1986).
For the above reasons, the motion to strike the third and fourth counts of the defendant/third party plaintiff's third amended third party complaint is granted.
Jonathan E. Silbert, Judge