[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 105
On September 8, 1994, the Transamerica Insurance Company ("TIC") filed a complaint seeking payment from Nejame Sons, Inc. ("Nejame") of additional premiums of $50,247, plus interest. On January 24, 1995, the court (Riefberg, J.) granted the defendant's motion to implead John Hyatt Associates, Inc. ("Hyatt"), the alleged agent for both TIC and Nejame.
On February 1, 1995, Nejame filed a three count, third party complaint against Hyatt. The first two counts allege actions sounding in fraudulent misrepresentation and negligence, respectively. The third count incorporates factual allegations as set forth in the first count, and further alleges a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), as codified in General Statutes, Sec. 38a-815 et seq., and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), as codified in General Statutes, Sec. 42-110a et seq.
On January 23, 1995, Hyatt filed a motion to strike the third count of Nejame's third party complaint on the ground of legal insufficiency, in that Nejame has failed to allege the existence of a general business practice as required by CUIPA. Hyatt has filed a memorandum of law in support of its motion to strike. Nejame has filed a memorandum in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.CT Page 4892Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
A plaintiff may bring a private cause of action pursuant to CUTPA to recover for alleged CUIPA violations. Lees v. MiddlesexIns. Co., 219 Conn. 644, 654, 594 A.2d 952 (1991). If the alleged CUIPA violation is predicated upon an unfair claims settlement practice as defined by section 38a-816(6)[1], a showing of a "general business practice," as opposed to a showing of a single act of insurance misconduct, is required. Mead v. Burns,199 Conn. 651, 659, 509 A.2d 11 (1986). However, if the CUIPA violation is predicated upon misrepresentations and false advertising of insurance policies pursuant to section 38a-816(1)[1], a plaintiff need not allege more than a single act. See Martin Sons, Inc. v. Covenant Ins. Co., 9 CSCR 595 (June 13, 1994, Hennessey, J.); Schott v. Great American Insurance Co.,8 CSCR 988 (September 1, 1993, Hendel, J.); King v. Ehorn,8 CSCR 1299 (November 17, 1993, Rush, J.); Bronson Townsend Co. v.Cornaglia, 1 CSCR 814 (September 30, 1986, Reynolds, J.).
In its supporting memorandum, Hyatt concedes that a private cause of action exists under CUTPA for alleged violations of CUIPA. However, the thrust of Hyatt's argument is that Nejame has failed to allege an essential element of a CUIPA claim, i.e., a general business practice. Therefore, Hyatt postulates that since there is no alleged violation of CUIPA, there can similarly be no alleged violation of CUTPA.
Nejame counters in its opposition memorandum that the third count of its third party complaint alleges a CUIPA violation based upon section 38a-816(1), which does not require an allegation that the alleged unfair practices "be committed with such frequency as to indicate a general business practice." In the alternative, Nejame posits that even if it were required to allege a general business practice, paragraph ten as set forth in the third count of its third party complaint satisfies that standard. CT Page 4893
The gist of the first count of Nejame's third party complaint is that if liability is imposed on it for additional premiums, that liability resulted from a series of alleged misrepresentations by Hyatt with regard to the policy's terms. The allegations of misrepresentation, which serve as the factual predicate for Nejame's CUTPA claim, are incorporated into the third count. The third count recites that Hyatt misrepresented the terms of the 1990/1991 insurance policy, in that:
 Hyatt informed Nejame that an allocation between (Work Class) WC 5223 and WC 9014 would remain applicable to the 1990/1991 insurance policy;
 Hyatt failed to timely inform Nejame that TIC would not allocate "pool wages" to the WC 9014 category in the 1990/1991 insurance policy;
 Hyatt continued to misrepresent the terms of the policy despite its knowledge that the WC 9014 category had been deleted;
 Hyatt engaged in unfair and deceptive insurance practices in violation of section 38a-815 et seq. by misrepresenting the terms of the 1990/1991 insurance policy;
 Hyatt engaged in unfair and deceptive acts, omissions, and/or practices in the conduct of commerce in violation of section 42-110a et seq. by its aforesaid statements and actions.
(Third Party Complaint dated December 9, 1994, Third Count, pars. 11-13.)
Although the third count of Nejame's third party complaint alleges CUIPA violations on the part of Hyatt, that count fails to specify which sections allegedly were violated. A review of that count reveals that Nejame is not claiming misrepresentation with regard to any "claim settlement" as defined in section38a-816(6), nor is any type of "settlement" alleged. However, the allegations set forth in the third count can be found to fall within the ambit of section 38a-816(1), which defines misrepresentations and false advertising of insurance policies. Therefore, since the CUIPA allegations are based upon alleged violations of section 38a-816(1), not 38a-816(6), Nejame need not CT Page 4894 allege more than a single act, and Hyatt's motion to strike the third count of the third party complaint is denied.
Stodolink, J.