[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 120
On March 6, 1995, the plaintiff, Randi N. Isquith, filed a four count revised complaint seeking, inter alia, damages arising out of an uninsured motorist benefits claim.
The plaintiff alleges in the first count that on November 8, 1992, she suffered injuries and damages as a result of an CT Page 8337 automobile accident allegedly caused by the negligence and carelessness of the operator of an unidentified motor vehicle. The plaintiff alleges that she had a contract for automobile insurance with the Allstate Insurance Company ("defendant"), and that the resulting injuries and damages that she sustained from the accident are the legal responsibility of the defendant pursuant to the contract executed between the parties.
In the second count, the plaintiff incorporates the first count in its entirety and further alleges that pursuant to the insurance contract, "any dispute between the insured and insurer regarding the insured's right to recover uninsured and/or underinsured motorist benefits would be settled by arbitration." The plaintiff continues and recites that without notice and before the policy period terminated, the defendant unilaterally changed the contract and eliminated the arbitration clause that dealt with uninsured and/or underinsured motorist benefits, leaving her no choice but to bring this action to recover her policy benefits. The plaintiff alleges that the actions of the defendant constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), as codified in General Statutes, Sec.42-110a et seq.
In the third count, the plaintiff incorporates the first and second counts in their entirety and further alleges that the actions of the defendant constitute violations of the Connecticut Unfair Claim Practices Act (CUIPA), as codified in General Statutes, Sec. 38a-815 et seq.
In the fourth count, the plaintiff incorporates the first count in its entirety and further alleges negligent misrepresentation against F. Michael Snyder, a duly authorized agent of the defendant.
On March 9, 1995, the defendant filed a motion to strike the second and third counts of the plaintiff's revised complaint on the ground that those counts "fail to state a claim upon which relief can be granted."[1] The defendant has filed a memorandum of law in support of its motion. The plaintiff has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the CT Page 8338 party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
If an alleged CUIPA violation is predicated upon an unfair claims settlement practice as defined by section 38a-816(6), a showing of a "general business practice," as opposed to a showing of a single act of insurance misconduct, is required. Mead v.Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986). However, if the CUIPA violation is predicated upon misrepresentations and false advertising of insurance policies pursuant to section 38a-816(1), a plaintiff need not allege more than a single act.[2] SeeMartin Sons, Inc. v. Covenant Ins. Co., 9 CSCR 595 (June 13, 1994, Hennessey, J.); Schott v. Great American Ins. Co.,8 CSCR 988 (September 1, 1993, Hendel, J.); King v. Ehorn,10 Conn. L. Rptr. 356 (November 17, 1993, Rush, J.); Bronson Townsend Co.v. Cornaglia, 1 CSCR 814 (September 30, 1986, Reynolds, J.).
In its supporting memorandum, the defendant maintains that a violation of CUIPA requires more than a single act of insurance misconduct. The defendant postulates that since the plaintiff "has not alleged a course of conduct sufficient to set forth a cause of action for CUIPA and CUTPA," the second and third counts should be stricken.
Initially the plaintiff contends in her opposition memorandum that Mead v. Burns, supra, 199 Conn. 659, established that "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." According to the plaintiff, the question left unresolved by Mead
was whether the alleged multiple acts of insurance misconduct had to have been committed solely against a named plaintiff, or committed against someone other than a named plaintiff. The plaintiff then suggests that the court in Lees v. Middlesex Ins.Co., 229 Conn. 842, 849, 643 A.2d 1242 (1994), which was decided in June, 1994, clarified the issue and established that in order to properly prove a CUTPA/CUIPA action, a plaintiff must allege that the defendant's misconduct existed not only with respect to the plaintiff, but also in the processing of other claims. However, the plaintiff argues that at the time she filed the CT Page 8339 present action in December, 1993, she "properly alleged CUTPA/CUIPA causes of action as the law existed at the time of the filing" of her action. This argument notwithstanding, the plaintiff alternatively postulates that "[i]mplicit in the plaintiff's allegation of wrongdoing on the part of Allstate . . . is that Allstate unilaterally eliminated the UM/UIM arbitration clause from the insurance contracts of all of its insureds. Consequently, Allstate's action clearly constituted a general business practice sufficient to establish CUTPA/CUIPA causes of action under Mead and its progeny, and Lees."
Count three of the plaintiff's revised complaint recites, inter alia, that the actions by the defendant are unfair claim settlement practices in violation of General Statutes, Sec.38a-815 et seq., in that the defendant (1) misrepresented the terms of the insurance policy; (2) changed the terms of the insurance policy without notifying the insured of the effect of said changes; (3) refused to pay; (4) failed to attempt good faith settlement; and (5) compelled the insured to institute litigation to recover amounts due under an insurance policy.
The allegations claiming that the defendant misrepresented the terms of the insurance policy and/or changed the terms of the insurance policy fall within the ambit of a CUIPA claim pursuant to section 38a-816(1). Therefore, the plaintiff need not allege more than a single act of insurance misconduct against the defendant, and the defendant's motion to strike is denied.
Stodolink, J.