[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#113)
On October 19, 1994, the plaintiffs, John Sygiel and Jennifer Sygiel, filed a nine count amended complaint against the defendants, Clifford, Bang Loos Insurance Agency, Inc. (CBL), William Loos (CBL Agent), James Clifford (CBL Agent) and General Accident Insurance Company of America (General Accident). Counts seven and eight allege a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), as codified in General Statutes CT Page 8646 § 38a-815 et seq., and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), as codified in General Statutes § 42-110a et seq., respectively, against General Accident.
On November 25, 1994, General Accident filed a motion to strike counts seven and eight of the plaintiffs' amended complaint, accompanied by a supporting memorandum of law. On December 2, 1994, the plaintiffs filed a memorandum in opposition to General Accident's motion to strike. The plaintiffs filed a supplemental memorandum in opposition to the defendant's motion to strike dated June 8, 1995.
The facts alleged in the plaintiffs' complaint are as follows. On October 10, 1988, the plaintiffs contacted CBL and its agents, and requested adequate and appropriate insurance coverage both for the property located at 39 Burbank Avenue, Narragansett, Rhode Island, and for the plaintiffs' personal liability. CBL and its agents acquired on behalf on the plaintiffs what they believed to be the adequate and necessary insurance coverage and so informed the plaintiffs. The plaintiffs relied upon the CBL agents to disclose to General Accident the facts necessary to permit General Accident to make an underwriting decision as to whether to insure the plaintiffs. On December 19, 1991, the plaintiffs were issued a home owner's insurance policy by General Accident and CBL and its agents. This policy was effective for the period of September 2, 1991 through September 2, 1992.
The plaintiffs allege that the defendants made certain false, fraudulent, reckless and negligent representations to the plaintiffs concerning the insurance coverage procured by the defendants, and, specifically, concerning the type of insurance coverage necessary. The plaintiffs allege that, in reliance upon these representations, they purchased the insurance policy recommended by CBL and its agents, and renewed that policy each year thereafter.
On December 29, 1991, the property located at 39 Burbank Avenue, Narragansett, Rhode Island, was totally or partially destroyed in a fire. On January 2, 1992, Kimberly Kilcline commenced a civil lawsuit against the plaintiffs for bodily injuries allegedly sustained in the aforementioned fire. On December 22, 1992, Jacqueline Benjamin, for herself and the heirs of John E. Fuyat, deceased, commenced a civil lawsuit for injuries allegedly sustained in the aforementioned fire. On CT Page 8647 February 12, 1993, Carol Rotelli, for herself and the heirs of Andrew W. Rotelli, III, deceased, commenced a civil lawsuit for injuries allegedly sustained in the aforementioned fire.
As required by the terms of the insurance policy, the plaintiffs notified General Accident of the Kilcline claim, the Benjamin claim and the Rotelli claim. On January 3, 1992, General Accident notified the plaintiffs of its intention to defend each of the claims under its reservation of rights to deny insurance coverage.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint." NovametrixMedical Services v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Blancato v.Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987). In ruling on a motion to strike, the court is "limited to the facts alleged in the complaint" and "must construe those facts most favorably to the plaintiff." Novametrix Medical Services v. BOCGroup, Inc., supra, 224 Conn. 215. "A motion to strike admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
General Accident moves to strike count seven of the plaintiffs' amended complaint on the grounds that (1) there is not a right to a private cause of action under CUIPA and (2) the plaintiffs fail to allege sufficient facts to show the existence of a general business practice on the part of the defendant, as required by CUIPA. General Accident moves to strike count eight of the plaintiffs' amended complaint on the ground that the plaintiffs fail to allege sufficient facts to show the existence of a general business practice on the part of the defendant, as required by CUTPA.
The plaintiffs oppose General Accident's motion to strike on the ground that (1) CUIPA does permit a private cause of action and (2) the plaintiffs need not allege a general business practice to maintain a cause of action under CUIPA or CUTPA.
General Statutes § 38a-815 provides, in pertinent part:
No person shall engage in this state in any CT Page 8648 trade practice which is defined in section 38a-816 as, or determined pursuant to sections 38a-817 and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, nor shall any domestic insurance company engage outside of this state in any act or practice defined in subsections (1) to (12), inclusive, of section 38a-816.
General Statutes § 38a-816 provides, in pertinent part
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
 (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy . . .
 (6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following: (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair and equitable CT Page 8649 settlements of claims in which liability has become reasonably clear. . . .
The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. See Leesv. Middlesex Insurance Co., 229 Conn. 842, 847 n. 4, (1994); see also Mead v. Burns, 199 Conn. 651, 657 n. 5,509 A.2d 11 (1986); Griswold v. Union Labor Life Insurance Co.,186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). The Connecticut Appellate Court has not specifically addressed this issue.
A split of authority currently exists among the superior courts as to whether a private right of action exists under CUIPA. A number of superior courts have declined to recognize a private cause of action under CUIPA, relying both on the lack of express authority in and the regulatory nature of § 38a-815
et seq. See C M Technology, Inc. v. The Travelers InsuranceCompany, Superior Court, judicial district of Middlesex, Docket No. 072968 (April 5, 1995) (Stanley, J.); Gonzales v. LewisServices, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151S (March 31, 1995) (Silbert, J.); Whitev. Nationwide Mutual Fire Insurance, Superior Court, judicial district of Waterbury, Docket No. 118633 (November 14, 1994) (Flynn, J.); King v. Ehorn, 8 CSCR 1299 (November 17, 1993, Rush, J.); Berman v. Prudential Ins. Co., 8 CSCR 806 (July 15, 1993) (Lewis, J.); Heyman Associates Number 1 v. Insurance Company ofthe State of Pennsylvania, 8 Conn. L. Rptr. 440 (February 24, 1993) (Dunn, J.); Warner v. Sanford Hall Agency,8 Conn. L. Rptr. 333
(February 10, 1993) (Wagner, J.); Langlais v. Guardian LifeIns. Co., 7 Conn. L. Rptr. 34, 36 (July 7, 1992) (Lewis, J.)
Nevertheless, several superior courts have permitted a plaintiff to maintain a private cause of action, adhering to the rationale that a private right of action can be implied under CUIPA. See Edelman v. Pacific Employers Insurance Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 633463 (October 21, 1994); Polchlopek v. Aetna LifeInsurance Co., 9 CSCR 658 (June 3, 1994) (Hennessey, J.); Schottv. Great American Insurance Co., 8 CSCR 988 (September 1, 1993) (Hendel, J.); Covino v. Jacovino, 8 CSCR 822 (July 20, 1993) (Sullivan, J.); Sansone v. Esis Inc., 8 CSCR 248 (January 4, 1993) (Maiocco, J.); Sambuco v. Aetna Casualty Surety Co.,4 Conn. L. Rptr. 74, 75 (May 14, 1991) (Karazin, J.); Cecere v. EBI IndemnityCo., 2 Conn. L. Rptr. 520, 521 (October 2, 1990) (Hammer, J.);Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (May 15, CT Page 8650 1987) (Satter, J.) This court is persuaded by the reasoning of these cases and finds that a private cause of action exists under CUIPA. Accordingly, General Accident's motion to strike count seven is denied to the extent that it is predicated on the claim that a private right of action does not exist under CUIPA.
An alleged CUIPA violation born from an unfair claims settlement pursuant to § 38a-816 (6) requires a showing of a "general business practice," as opposed to a showing of a single act of insurance misconduct. Mead v. Burns, supra, 199 Conn. 659. Nevertheless, a CUIPA violation predicated upon misrepresentations or false advertising of insurance policies as delineated in § 38a-816(1) need not allege more than a single act. See Martin Sons, Inc. v. Covenant Insurance Co.,9 CSCR 595 (June 13, 1994) (Hennessey, J.); Schott v. Great AmericanInsurance Co., supra, 8 CSCR 988; King v. Ehorn, supra,10 Conn. L. Rptr. 356.
In the instant action, the seventh count of the plaintiffs' amended complaint alleges a CUIPA violation by General Accident, but fails to state specifically which subsections were allegedly violated. An examination of count seven, however, reveals allegations of "false, fraudulent, reckless and negligent misrepresentations" which seemingly serve as a basis for the alleged CUIPA violation. The allegations set forth in count seven fall within the ambit of § 38a-816(1) which defines misrepresentation and false advertising of insurance policies. Since the alleged CUIPA violation is predicated upon a violation of 38a-816(1) the plaintiffs need not allege more than a single act of insurance misconduct. Therefore, General Accident's motion to strike count seven is denied to the extent that it is based upon the claim that the plaintiffs have failed to allege sufficient facts to establish a general business practice on the part of the defendant.
The Connecticut Supreme Court, however, has held that "a private cause of action exists under CUTPA to enforce alleged CUIPA violations." Lees v. Middlesex, 219 Conn. 644, 654,594 A.2d 952 (1991). Insofar as the allegations of misrepresentation and false advertising of insurance policies incorporated in count eight set forth a CUIPA violation, count eight alleges facts sufficient to establish a CUTPA violation. Therefore, General Accident's motion to strike count eight of the plaintiffs' amended complaint is denied. CT Page 8651
Joseph A. Licari, Jr., Judge