[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 102
FACTS
On September 11, 1996, the plaintiff, Ursula Delmastro, filed a four count complaint alleging breach of contract, bad faith, violation of the Connecticut Unfair Trade Practices Act (CUTPA), and violation of the Connecticut Unfair Insurance Practices Act (CUIPA) against the defendant, Hartford Life and Accident Insurance Co., also known as ITT Hartford Life Insurance Companies. The plaintiff alleges in her complaint that she was issued a disability income policy by the defendant on November 20, 1991. The plaintiff further alleges that on February 1, 1994, she became totally disabled, notified the defendant of her loss, and, despite demands, the defendant has failed to pay her the benefits due under the policy.
On November 7, 1996, the defendant filed a motion to dismiss counts three, four and the second prayer for relief of the plaintiff's complaint on the grounds that the plaintiff has not sufficiently alleged a "general business practice"; that the plaintiff has not sufficiently alleged a claim in CUIPA, therefore, her CUTPA claim is legally insufficient; that CUIPA does not provide a private cause of action; and that the plaintiff's second prayer for relief is dependant on the sufficiency of her CUIPA and CUTPA claims.
DISCUSSION
The plaintiff first objects to the defendant's motion to dismiss on the ground that legal insufficiency is not properly raised by means of a motion to dismiss. This is conceded by the defendant.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike . . . the practical difference being that if a motion to strike is granted, the party whose pleading is stricken is given an opportunity to replead in order to avoid a harsh result." (Citation omitted.) Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). Nevertheless, as the motion is proper in CT Page 3912 every other respect, except as to its title, in the interest of judicial economy the court may treat it as a motion to strike. See McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527,590 A.2d 438 (1991).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 215.
The defendant first argues that the plaintiff has only alleged facts showing misconduct in the settlement of her claim, and therefore she has not alleged sufficient facts showing a "general business practice" of the defendant supporting a claim under CUIPA.
"In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 790, 653 A.2d 122 (1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general CT Page 3913 business practice . . . ." (Internal quotation marks omitted.) Id., 796. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted; internal quotation marks omitted.) Lees v. Middlesex InsuranceCo., 229 Conn. 842, 849, 643 A.2d 1282 (1994).
In her CUIPA claim the plaintiff alleges the facts regarding the defendant's actions in respect to her own claim and then states that "[s]aid conduct constitutes deceptive acts and/or practices in the conduct of the business of insurance, is part of the general business practice of said Defendant, and is, therefore, an unfair insurance practice prohibited in Section38a-815 of the Connecticut General Statutes." It is therefore clear that the plaintiff has only alleged facts relating to her own claim, and that her allegation that such acts are a general business practice of the defendant is merely a legal conclusion. See, e.g., Pieger v. Patriot General Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326059 (May 31, 1996, Maiocco, J.); Grant v. Colonial Penn Ins. Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser, J.,16 Conn. L. Rptr. 49); McCormick v. New Hampshire Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075615 (November 1, 1995, Stanley, J., 15 Conn. L. Rptr. 325); Levittv. American Economy Ins. Co., Superior Court, judicial district of Danbury, Docket No. 319033 (October 30, 1995, Stodolink, J.);Lanese v. Mecca, Superior Court, judicial district of Waterbury, Docket No. 116816 (February 6, 1995, Pellegrino, J.); Rotz v.Middlesex Mutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J., 13 Conn. L. Rptr. 324); Waugh v.Nationwide Mutual Assurance Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244326 (January 5, 1995, Silbert, J.). Therefore, the defendant's motion to strike count four is hereby granted.
Furthermore, because the plaintiff has not alleged facts supporting a general business practice sufficient to support a claim under CUIPA, those same allegations are also insufficient to support a claim under CUTPA. Mead v. Burns, 199 Conn. 651,663-66, 509 A.2d 11 (1986). Accordingly the defendant's motion to strike count three is also granted. In addition the CT Page 3914 plaintiff's second prayer for relief with respect to attorney's fees and punitive damages related to the CUTPA claim is also stricken for the same reasons.
The defendant has also moved to strike the plaintiff's CUIPA claim on the ground that CUIPA does not provide for a private cause of action.
Although the issue has been noted by the Connecticut Supreme Court, the court has expressly declined to consider the issue. Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 221 n. 5, 680 A.2d 127 (1996); Lees v. MiddlesexInsurance Co., supra, 229 Conn. 847 n. 4. The superior courts are divided on the issue, but the majority do not recognize such a private cause of action because it is not expressly provided for within General Statutes § 38a-815 et. seq., as it is within CUTPA, General Statutes § 42-110g. See, e.g., McCormick v. NewHampshire Insurance Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075615 (March 13, 1996, Stanley, J.); Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J., 16 Conn. L. Rptr. 317);Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J., 15 Conn. L. Rptr. 4); Stabell v.Prudential Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319568 (August 4, 1995, Freedman, J.); C M Technology, Inc. v. Travelers Ins. Co.,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 072968 (April 5, 1995, Stanley, J.,14 Conn. L. Rptr. 32); Gonzalezv. Lewis Services, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 (March 31, 1995, Silbert, J.); Saccente v. Town of Rocky Hill, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529219 (January 23, 1995, Wagner, J.,13 Conn. L. Rptr. 382).
Other courts have held that a private right of action may be implied under CUIPA. See, e.g., Sygiel v. Clifford, Ban Loos, Ins. Agency, Superior Court, judicial district of New Haven at New Haven, Docket No. 360149 (July 27, 1995, Licari, J., 14 Conn. L. Rptr. 561); Edelman v. Pacific Employers Ins.Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 633463 (October 21, 1994, Hennessey, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, judicial CT Page 3915 district of Hartford/New Britain at Hartford, Docket No. 530360 (June 3, 1994, Hennessey, J., 9 CSCR 658); Schott v. GreatAmerican Ins. Co., Superior Court, judicial district of New London at New London, Docket No. 526057 (September 1, 1993, Hendel, J., 8 CSCR 988).
However, the most in depth analysis of the issue and decision thereon has recently been rendered in Stabile v.Southern Connecticut Hospital Systems, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (October 31, 1996, Levin, J., 18 Conn. L. Rptr. 157). The court in Stabile analyzed whether CUIPA provides for an implied cause of action by applying the test provided by Cort v. Ash,422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), as adopted by the Connecticut Supreme Court in Napoletano v. Cigna HealthCare ofConnecticut, Inc., supra, 238 Conn. 221 n. 5. The Stabile court determined, under the three tier Cort v. Ash test that first, the intent of the legislature was to benefit consumers, second, the statute and legislative history do not reveal a legislative intent to create a private right of action, and third, that it is inconsistent with the underlying purposes of the legislative scheme to imply a private right of action because the legislature has limited enforcement of the statute to the insurance commissioner and the requirement of showing a general business practice does not easily lend itself to a private action arising from a single claim. This issue has been thoroughly, thoughtfully and persuasively addressed by the court in Stabile. Therefore, this court is persuaded to follow theStabile course. Accordingly, the defendant's motion to strike count four is also granted on the ground that there is no private cause of action under CUIPA.
MELVILLE, JUDGE