[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Defendant Allstate Insurance Company moves for summary judgment on the ground that Allstate does not insure the plaintiff and therefore has no duty to the plaintiff under the Connecticut Unfair Insurance Practices Act (CUIPA) or the Connecticut Unfair Trade Practices Act (CUTPA). For the reasons stated below, the court grants the summary judgment motion.
BACKGROUND
The plaintiff alleges in her complaint that, on November 17, 1995, she was a pedestrian crossing a street in East Hampton when she was hit by an automobile driven by defendant David Clare. Clare had an automobile insurance policy with Allstate. Because of her serious injuries, the plaintiff made a claim against Allstate. There is no dispute, based on the summary judgment papers, that the plaintiff is not insured by Allstate. The plaintiff alleges that, despite numerous demands, Allstate denied payment and liability fourteen months after the plaintiff made her initial claim. The plaintiff also alleges that it is Allstate's regular practice to treat claims by third parties in this manner and that this activity therefore constitutes a general business practice. The plaintiff accordingly claims that Allstate's conduct constitutes an unfair claim settlement practice in violation of CUIPA, General Statutes § 38a-815 et seq., and an unfair trade practice in violation of CUTPA, General Statutes § 42-110b et seq. Under these statutes, the plaintiff seeks money damages from Allstate, including punitive damages under CUTPA.
DISCUSSION
Summary judgment is appropriate if "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § CT Page 4985 17-44. Although the plaintiff claims that there are genuine issues of material fact, the plaintiff does not identify what they are and the court does not find any. The defendant essentially contends that the court may assume the truth of the allegations in the complaint for the purposes of this motion and that the only fact outside the pleadings — that the plaintiff was not insured by Allstate — is not disputed. The court agrees with the defendant and proceeds to address the question of whether the defendant is "entitled to judgment as a matter of law." Id.
 A. CUIPA
CUIPA and CUTPA both prohibit persons from engaging in certain unfair insurance or trade practices and authorize the Commissioners of Insurance and Consumer Protection to take certain relevant enforcement actions. See Conn. Gen. Stat. §38a-815 et seq., § 42-110b et seq. CUTPA provides that "[a]ny person who has suffers any ascertainable loss of money or property" as a result of an unfair trade practice "may bring an action in the [appropriate] judicial district." Conn. Gen. Stat. § 42-110g(a). CUIPA contains no similar right of action provision. See Conn. Gen. Stat. § 38a-815 et seq.
No appellate decision resolves the lingering question of whether CUIPA impliedly provides a private right of action. SeeLees v. Middlesex Insurance Co., 229 Conn. 842, 847 n. 4 (1994). The trial courts have divided on this issue. See Sygiel v.Clifford. Ban Loos, Superior Court, Judicial District of New Haven, No. 360149 (July 27, 1995 14 Conn. L. Rptr. 561) (Licari, J.) (citing cases).
This court need not address the question of whether CUIPA authorizes an implied right of action generally because the threshold issue here is the more narrow one of whether CUIPA creates a duty of an insurer to a non-insured party to settle a demand fairly. On this issue, which the appellate courts have also not resolved, the trial courts have spoken with apparent unanimity that no such duty exists at least when, as here, judgment has not yet entered against the insured. See McCormickv. New Hampshire Insurance Co., Superior Court, Judicial District of Middlesex. No. 75615 (Mar. 13, 1996) (Stanley, J.) (citing cases).[1]
The reasoning behind these decisions is sound. At common law, CT Page 4986 an insurer had no duty to settle a claim fairly with a third party claimant. Instead, the insurance company had an obligation to defend its insured, which may involve contesting both liability and damages. The cause of action sought by the plaintiff would interfere with this obligation by creating a possibly conflicting duty to a third party claimant. See Richardsv. Deaton, Superior Court, Judicial District of Danbury, No. 309417 (Mar. 11, 1993, 8 C.S.C.R. 362) (Fuller, J.).
Further, insurance is a complex and highly regulated industry. As a result, the realm of insurance law is especially inappropriate for judicial creativity. This court should not create a new remedy against insurance companies when the legislature has not explicitly sanctioned such a result. An examination of the language of CUIPA reveals that it does not explicitly create a duty of an insurance company to a third party claimant. CUIPA defines "[u]nfair claim settlement practices in a way that refers to insureds, not third parties.See Conn. Gen. Stat. § 38a-816 (6); Thompson v. Aetna Life Casualty Co., Superior Court, Judicial District of Hartford, No. 308821 (May 15, 1987) (Satter, J.). Accordingly, this court finds that Allstate has no duty under CUIPA to the plaintiff, at least prior to entry of a judgment against the insured.
 B. CUTPA
In Mead v. Burns, 199 Conn. 651, 663 (1986), the Supreme Court held that a private right of action exists under CUTPA to enforce unfair insurance practices that arise under CUIPA. The court went on to address the question of "[u]nder what circumstances, if any, may conduct that does not violate CUIPA constitute an unfair act or practice under CUTPA?" Id. The court found that a single failure to conduct a reasonable investigation of an insurance claim, in the absence of a general business practice, does not violate CUIPA and therefore is not actionable under CUTPA. Id. at 664-66. The court thus answered its own question by implicitly holding that conduct that does not violate CUIPA does not constitute an unfair act or practice under CUTPA. Therefore, in the present case, because the court has found that the alleged conduct of Allstate does not violate CUIPA, it follows that it does not violate CUTPA.
CONCLUSION
For the foregoing reasons, Allstate's motion for summary CT Page 4987 judgment is granted. It is so ordered.
CARL J. SCHUMAN JUDGE, SUPERIOR COURT