[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 111
CT Page 8887
The plaintiff, Cynthia Stabell, as trustee for David Stabell Jr. and Amanda Stabell, brings this action to collect benefits allegedly owed to the beneficiaries of a life insurance policy issued by the defendant, Prudential Insurance Company of America, Inc. In the second amended complaint filed on May 3, 1995, the plaintiff alleges that on October 19, 1991, the defendant issued a life insurance policy to the plaintiff's decedent, David Stabell, Sr. The plaintiff alleges that after the policy lapsed on September 19, 1992 for nonpayment of premiums, the decedent submitted a reinstatement application to the defendant on November 20, 1992. The defendant then allegedly reinstated the policy and the decedent continued to pay premiums to the defendant.
The plaintiff's decedent died on March 13, 1993. The original beneficiary, James Stabell, made a demand for benefits under the policy. On December 2, 1994, James Stabell assigned all of his rights and interests in the policy to the plaintiff. The plaintiff alleges that in a letter dated May 15, 1993, the defendant denied her claim for benefits under the policy on the ground that the plaintiff's decedent falsely attested in his reinstatement application that during the lapse period: (1) he did not have a change in health; (2) he did not consult a doctor; and (3) he was not a patient in any hospital. The plaintiff further alleges that the defendant stated in the letter that the policy would not have been reinstated if the defendant had known that the plaintiff's decedent had seen a doctor and had a CT Scan during the lapse period.
In the second amended complaint, the plaintiff asserts the following causes of action against the defendant: breach of contract (counts one and two); estoppel (count three); misrepresentation (count four); violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816(1)(f) (count five); violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq. (counts six and seven). On May 25, 1995, the defendant filed a motion to strike counts five, six and seven of the plaintiff's second amended complaint. On July 24, 1995, the plaintiff appeared at short calendar and argued in opposition to the motion.
A motion to strike contests "the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, (1992). In ruling on the motion, the court is limited to the facts alleged in the pleading; Rowe v. Godou,209 Conn. 273, 278, (1988); which must be construed in the light most CT Page 8888 favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161,171 (1988).
In count five, the plaintiff asserts that the defendant violated CUIPA, § 38a-816(1)(f), by failing to pay the proceeds of the policy to the plaintiff. In moving to strike count five, the defendant argues that a plaintiff has no right to assert a private cause of action under CUIPA.
The Connecticut Supreme Court has not yet addressed the issue of whether a plaintiff could assert a private cause of action under CUIPA. See Lees v. Middlesex Insurance Co., 229 Conn. 842, 846 n. 4 (1994). Some superior court decisions have held that there is no private right of action under CUIPA. See, e.g., Clearheart Construction Co., Inc. v.Charles Daniels Service Corp., 9 CSCR 812 (1994, Moraghan, J.); King v.Ehorn, 8 CSCR 1299 (1993, Rush, J.); Langlais v. The Guardian LifeInsurance Co., 7 Conn. L. Rptr. 34 (July 7, 1992, Lewis, J.). Other courts have held that there is a private right of action under CUIPA. See, e.g., Schott v. Great American Insurance Co., 8 CSCR 988 (October 11, 1993, Hendel, J.); Covino v. Jacovino, 8 CSCR 822 (August 9, 1993, Sullivan, J.); Sambuco v. Aetna Casualty Co., 4 Conn. L. Rptr. 74 (May 14, 1991, Karazin, J.).
General Statutes § 38a-816 provides in pertinent part that "[t]he commissioner shall have the power to examine the affairs of every person engaged in the business of insurance in this state. . . ." CUIPA has been characterized as a penal statute requiring a construction "limiting rather than expanding civil liability." Mead v. Burns, 199 Conn. 651,658, 509 A.2d 11 (1986). Furthermore, "[i]t is the duty of the court to interpret statutes as they are written and not by construction read into statutes provisions which are not clearly stated." State v.Johnson, 227 Conn. 534, 542 (1993). The language of CUIPA does not expressly provide for a private right of action. Therefore count five of the second amended complaint, in which the plaintiff attempts to assert a claim pursuant to § 38a-816(1)(f), is legally insufficient. Accordingly, the court grants the defendant's motion to strike count five.
In count six of the complaint, the plaintiff alleges that the defendant violated CUTPA by accepting the decedent's late payments without protest or objection. The plaintiff further alleges the defendant's conduct amounted to a misrepresentation with respect to the reinstatement of the decedent's policy. In moving to strike the sixth count, the defendant points out that the plaintiff's CUTPA claim is not based on an alleged violation of CUIPA, and argues that a CUTPA claim CT Page 8889 is not viable against an insurer in the absence of an alleged violation of CUIPA.
A plaintiff may assert a private cause of action under CUTPA to enforce an alleged violation of CUIPA. Mead v. Burns, supra,199 Conn. 663. However, a plaintiff may not bring a cause of action under CUTPA where the alleged misconduct is related to the insurance industry, unless there is a violation of CUIPA. Id., 663-66. Thus, count six is legally insufficient because the plaintiff does not base her claim that the defendant violated CUTPA upon an allegation that the defendant engaged in an act or practice prohibited by CUIPA. Accordingly, the court grants the defendant's motion to strike as to count six.
In count seven, the plaintiff alleges in support of her CUTPA claim that the defendant engaged in a course of improper conduct by accepting the decedent's premium payments after the grace period expired. The plaintiff further alleges that the defendant's conduct constituted a misrepresentation in the form of a statement or omission under §38a-816(1)(f) of CUIPA because it induced or tended to induce the plaintiff to allow the policy to lapse. In moving to strike this count, the defendant argues that the plaintiff fails to allege facts which show how the defendant's conduct of accepting late premium payments constituted a "statement and/or omission" within the meaning of § 38a-816(1)(f).
As previously stated, a plaintiff may assert a private cause of action under CUTPA to enforce an alleged violation of CUIPA. Mead v.Burns, supra, 199 Conn. 663. Section 38a-816(1)(f), the section of CUIPA upon which the plaintiff relies, prohibits an insurer from:
 [m]aking, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which:
. . . .
 (f) is a misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy.
In construing count seven in the light most favorable to the pleader, the plaintiff alleges that some statement or actions on the part of the defendant amounts to a misrepresentation which induced or caused the policy at issue to lapse. Thus, the facts alleged in count seven state a legally sufficient cause of action pursuant to §38a-816(1)(f) of CUIPA (asserted as a private cause of action pursuant to CT Page 8890 CUTPA). If the defendant wanted a more particularized statement of the facts, it should have filed a request to revise before it filed the present motion to strike. Accordingly, the court denies the defendant's motion to strike as to count seven of the second amended complaint.
SAMUEL S. FREEDMAN, JUDGE